ORIGINAL

# In the United States Court of Federal Claims

No. 16-491 C

(Filed May 3, 2016)

FILED

MAY - 3 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *    *
PETER DIPIETRO,                *
                               *
          Pro Se Plaintiff,    *
                               *
     v.                        *
                               *
THE UNITED STATES,             *
                               *
          Defendant.           *
* * * * * * * * * * * * * *    *
```

## ORDER

The court has before it plaintiff's *pro se* complaint filed April 20, 2016. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

## BACKGROUND[1]

Mr. Peter DiPietro previously filed a number of lawsuits in the United States District Court for the District of New Jersey, but these suits were all dismissed. Compl. ¶¶ 4, 9, 14, 20, 22, 24, 38. A similar fate met one of Mr. DiPietro's suits that was removed to the district court. *Id.* ¶ 26. Plaintiff's complaint in this court contends that the district court judge and the district court "violated the plaintiff/claimant's Due Process and Equal Protection Rights

---

[1] The facts recited here are taken from the complaint.

guaranteed by the Fifth Amendment of the United States Constitution by erroneously dismissing all of plaintiff/claimants's federal complaints." *Id.* ¶ 38. The other main contention in the complaint is that the district court judge, a United States Attorney, and the Federal Bureau of Investigation (FBI) all failed to perform their official duties when responding to plaintiff's requests for assistance. *Id.* ¶¶ 12-13, 20-21, 25, 30-31, 33-34. Finally, plaintiff accuses the district court and the district court judge of "aiding and abetting" criminal activities of New Jersey state courts, state judges and judicial employees. *Id.* ¶ 40.

The latter part of the complaint frames three designated counts. The first count sounds in tort, citing the named defendants' "duty of care." Compl. at 10. The second count of the complaint seeks the return of real property that was "converted" by New Jersey state courts. *Id.* at 11. The third count of the complaint requests that this court provide declaratory and injunctive relief, which would: (1) return real property to plaintiff; (2) return plaintiff's daughter to his care; (3) restrain state officials from arresting or incarcerating plaintiff; (4) compel the FBI to investigate certain matters; and, (5) compel the United States Attorney to empanel a grand jury to review certain evidence. *Id.* at 12-13. Plaintiff seeks both compensatory and punitive damages in this suit amounting to $500,000,000. *Id.* at 10-11.

As a threshold matter, the court notes that the complaint could possibly be read to seek review of the decisions of the district court. *See* Compl. ¶¶ 38-39 (accusing the district court judge of "erroneously dismissing" plaintiff's suits and of violating plaintiff's procedural rights). It is well established, however, that this court cannot entertain collateral attacks on district court judgments. *See, e.g., U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994) ("Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of . . . collateral attack on the judgment would – quite apart from any considerations of fairness to the parties – disturb the orderly operation of the federal judicial system."); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). To the extent that the complaint before the court could be read to urge this court to vacate or reverse the district court's orders dismissing plaintiff's prior

lawsuits, this court is powerless to do so. Having confirmed that this court lacks jurisdiction to review district court decisions, the court proceeds with its jurisdictional inquiry into the various categories of claims presented by Mr. DiPietro in his complaint.

## DISCUSSION

### I.     *Pro Se* Litigants

The court acknowledges that Mr. DiPietro is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint thoroughly and has attempted to discern all of plaintiff's claims.

### II.    Jurisdiction

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The practice of the Court of Federal Claims has been for a judge to review a *pro se* complaint to ascertain if, beyond peradventure, it cannot support jurisdiction. Thus, the government is not taxed, in a case that unquestionably does not belong in the Court of Federal Claims, with a wasteful expenditure of its limited resources to establish that jurisdiction is lacking. In any case alleging a basis for jurisdiction "'so attenuated and unsubstantial as to be absolutely devoid of merit,'" *Kroll v. Finnerty*, 242 F.3d 1359, 1362 (Fed. Cir. 2001) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)), the court would be remiss in allowing the action to proceed.

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States . . . ." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (citations omitted). These include money damages claims against the federal government

founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. *Id.* (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." *Id.* The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. *Id.* "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *Huston v. United States*, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action and jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3). In order to determine its jurisdiction over plaintiff's suit, this court must presume all factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).

## III. Constitutional Rights

Plaintiff cites provisions of the United States Constitution in support of his claims asserting improprieties on the part of the named federal defendants, Compl. ¶¶ 37-38, but these claims are not within this court's jurisdiction because they are unsupported by money-mandating sources of law. The due process and equal protection guarantees provided by the Fifth Amendment, *see id.* ¶¶ 38-39, are not money-mandating. *See, e.g., Carruth v. United States*, 627 F.2d 1068, 1081 (Ct.

Cl. 1980) ("This court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages.") (citations omitted).  Suits alleging the violation of First Amendment rights, *see* Compl. ¶ 37, are also outside the jurisdiction of this court because the First Amendment is not money-mandating.  *E.g.*, *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (citations omitted).  Because plaintiff's references to constitutional rights do not identify a money-mandating source of law, plaintiff's claims based on constitutional rights must be dismissed for lack of subject matter jurisdiction.[2]

## IV.  **Tort Claims**

The first count of the complaint asserts that the district court judge, the United States Attorney and the FBI all failed to "adher[e] to a standard of reasonable care while performing any acts that could foreseeably harm the plaintiff."  Compl. at 10.  In other words, plaintiff accuses these defendants of negligence, a tort.  This court, however, cannot consider tort claims against federal officers or agencies.  *E.g.*, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citations omitted).  In the second count of the complaint, *see* Compl. at 11, the defendants are again faulted for failing to redress the conversion of plaintiff's real property.  This count of the complaint also appears to sound in tort.[3] Plaintiff's tort claims against the defendants named in this suit must be dismissed for lack of subject matter jurisdiction.

## V.  **Criminal Claim**

The complaint alleges that the district court and the district court judge

---

[2]/ It is also well-established that claims founded upon civil rights laws such as 42 U.S.C. § 1983 (2012), *see* Compl. ¶ 36, are not within the jurisdiction of this court. *E.g.*, *Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012) (citing cases). Thus, to the extent that Mr. DiPietro relies upon civil rights statutes as a basis for his suit, such statutes do not give rise to jurisdiction in this court.

[3]/ In addition to the aforementioned exclusion of tort claims from this court's jurisdiction, the second count of the complaint, if it could be read to not sound in tort, must be dismissed because no money-mandating source of law supports that claim.

aided and abetted state officials in the commission of crimes, citing 18 U.S.C. § 4 (2012). Compl. ¶ 40. This court, however, cannot entertain criminal claims. *See, e.g., Reid v. United States*, 95 Fed. Cl. 243, 249 (2010) ("The Court of Federal Claims does not possess jurisdiction over criminal claims.") (citation omitted). Thus, to the extent that plaintiff asserts a criminal claim against any named defendant in this suit, such a claim is beyond this court's subject matter jurisdiction.

## VI.    Declaratory and Injunctive Relief

The third count of the complaint seeks declaratory and injunctive relief in a number of legal matters. These matters include disputed ownership of real estate, child custody concerns, criminal prosecutions, FBI investigations and grand jury proceedings. Compl. at 13. The Court of Federal Claims may award equitable relief only in very limited, statutorily defined circumstances. *See United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1326 n.5 (Fed. Cir. 2007) (citation omitted); *Kanemoto v. Reno*, 41 F.3d 641, 644-45 (Fed. Cir. 1994) ("The remedies available in [the Court of Federal Claims] extend only to those affording monetary relief; the court cannot entertain claims for injunctive relief or specific performance, except in narrowly defined, statutorily provided circumstances . . . ."). This court's limited equitable powers are not implicated by the legal controversies described by plaintiff in the third count of his complaint. Simply put, Congress has not authorized this court to provide the types of injunctive and declaratory relief requested by Mr. DiPietro. Thus, the third count of the complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

This court lacks jurisdiction over the claims presented in Mr. DiPietro's complaint.[4] Plaintiff's application to proceed *in forma pauperis* is granted for the

---

[4] Transfer of this suit to another federal court would not, in the court's view, be in the interest of justice. The court notes that plaintiff has filed a number of lawsuits in the United States District Court for the District of New Jersey and his ability to file new claims there is now restricted. *See DiPietro v. Morisky*, No. 1:12-cv-02338-NLH-KMW (D.N.J. Oct. 4, 2012) (order dismissing complaint with prejudice). Even if plaintiff's access to the district court were not at
(continued...)

sole purpose of determining the court's jurisdiction over this suit.  The complaint is dismissed without prejudice.

Accordingly, it is hereby **ORDERED** that

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed April 20, 2016, is **GRANTED**;

(2)     The Clerk's Office is directed to **ENTER** final judgment **DISMISSING** the complaint for lack of subject matter jurisdiction, without prejudice; and

(3)     No costs.

LYNN J. BUSH
Senior Judge

---

[4](...continued)
all restricted, the court does not discern any viable federal claim in the complaint.